[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative or record appeal involving variances granted to defendant Joseph Naudzus by the defendant Zoning Board of Appeals of the City of Bridgeport, and relating to property located at 1234 Huntington Turnpike in Bridgeport. The appeal was commenced by the plaintiff, Gustave A. Iwanicki, who claimed to own property adjacent to the subject premises. The plaintiff contended that the defendant Board of Appeals should not have granted variances to Naudzus.
On March 11, 1991, Selda R. Dworkin and Yoland DePiano, were granted leave of court to intervene as co-plaintiffs. On the same date plaintiff Iwanicki moved to withdraw his appeal, but that motion has not been pursued. Dworkin was described as the owner of 1200 Huntington Turnpike, which abuts the Naudzus premises at 1234 Huntington Turnpike, and DePiano claimed to own property on Holland Road within one hundred feet of the subject premises.
The appeal is pending at this point, and on January 6, 1992, one Irma-Theresa Dworkin filed with the clerk of the court a notarized document entitled "Affidavit of Interest." Her affidavit indicates that she is trustee for her three minor children, Mark, Meyer, and Rebecca, who are alleged to own an undivided one-half interest in 1200 Huntington Turnpike, of which the intervenor, Selda R. Dworkin, described herself as the owner. The affiant advises the court that on behalf of her children she disagrees with the position of Selda R. Dworkin, and believes that the variances granted to Naudzus will benefit her children by enhancing the value of their property. CT Page 2868
The intervening plaintiffs. Selda A. Dworkin and DePiano, have now moved (#124) to strike this document and have it removed from the file.
I agree with the movants that this affidavit by Irma-Theresa Dworkin does not belong in the file. This is a record appeal, and if a party wishes to supplement the record, it must be done on motion. General Statutes 8-8(k). If Irma-Theresa Dworkin were to move to intervene as a party, and if such a motion was granted, she could petition to supplement the record, but at the present time she is not a party, and has no standing to file any papers.
Accordingly the motion to strike this document is granted, and the clerk is directed to remove the same from the file, and place it under seal in the file, and said document is not considered or deemed part of the record.
So Ordered.
Dated at Bridgeport, Connecticut, this 30th day of March, 1992.
WILLIAM B. LEWIS, JUDGE